IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LUKE FRAZZA )<br>MARY FRAZZA )<br>9528 Stevebrook Road )<br>Fairfax, VA  22032 )<br>          )<br>     Plaintiffs )<br>          )<br>v.        ) | Case No. _____ |
| UNITED STATES OF AMERICA )<br>          )<br>  Serve:   Honorable Alberto Gonzalez )<br>       Attorney General of the )<br>       United States of America )<br>       Department of Justice )<br>       Room B-103 )<br>       950 Pennsylvania Avenue, N.W. )<br>       Washington, D.C. 20530 )<br>          )<br>     and  )<br>          )<br>  Honorable Kenneth Wainstein )<br>  U.S. Attorney for District of Columbia )<br>  555 4th Street, N.W., Room 5806A )<br>  Washington, D.C. 20530 )<br>          )<br>     Defendant ) | |

## COMPLAINT FOR DAMAGES

### (Negligence, Federal Tort Claims Act)

### Jurisdiction and Venue

1. This action arises under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. This Court has jurisdiction of the claim against defendant United States of America under the provisions of 28 U.S.C. § 1346(b)(1). Pursuant to 28 U.S.C. § 2675(a), plaintiffs filed a timely administrative claim with the appropriate federal agency on May 20, 2005. The administrative claim was denied on March 13, 2006. A copy of the administrative claim is attached hereto as Exhibit A.

2. Venue is proper in this judicial district, where the acts and omissions giving rise to the claim occurred.

### Parties

3. Plaintiffs Luke Frazza and Mary Frazza are residents of Fairfax, Virginia, and at all times relevant to this Complaint have been husband and wife. At the time of the incident, Luke Frazza was working as a photographer for Agence France-Presse ("AFP") and was assigned to cover the White House.

4. Defendant United States of America, through the General Services Administration, coordinates and has responsibility for the maintenance of the White House.

2

## Statement of Facts

5. On the morning of January 23, 2005, Mr. Frazza, exercising due care for his own safety, was carrying out his duties as a photographer for AFP at the White House. There was a heavy snow storm that day. Mr. Frazza was positioned at the North Portico driveway when he was instructed by a White House Press Office staff member to travel to the South Lawn to photograph President George W. Bush's departure by helicopter to Camp David. On the way, Mr. Frazza opened the door to the stair landing at the back of the lunch room to drop off some equipment. After taking a step, Mr. Frazza slipped on the wet and slippery tile floor. Mr. Frazza sustained serious and permanent injuries to his back and spinal cord, including, but not limited to, herniating the L3-L4 disc in his spine, causing fragments of bone to become lodged against the nerve, causing constant pain and inhibiting him in every aspect of his life.

6. As a direct and proximate result of Mr. Frazza's injuries, he has incurred and will incur medical and related expenses. In addition, he has incurred a loss of earnings and an impairment of his earning capacity, he has been and will continue to be prevented from engaging in his normal activities, and he has been caused to undergo and will undergo significant physical and emotional pain and suffering.

**Allegations of Negligence**

7. Defendant was under a duty to exercise reasonable care to maintain the premises of the White House in a reasonably safe condition, including the areas in which White House staff were directing photographers such as Mr. Frazza to travel.

8. Mr. Frazza's fall was the direct and proximate result of the negligence of the defendant which, acting through its employees, breached its duty to maintain the premises of the White House in a reasonably safe condition. Such negligence included, but was not limited to, the careless and improper maintenance of the wet and slippery floor; the failure to erect barricades or otherwise block photographers from dangerous areas; the failure to remedy the dangerous condition on the floor by drying the floor; the failure to place a non-skid surface on the floor; the failure to take precautions against the dangerous condition of the floor despite knowledge that it would be hazardous to photographers; and by directing photographers to travel through the White House to an unsafe and dangerous area. As a result of defendant's negligence, the area where Mr. Frazza fell was unreasonably dangerous.

9. Mrs. Frazza makes a claim for the loss of consortium and services caused by the defendant's negligence and the consequential injuries to her husband, Mr. Frazza.

WHEREFORE, plaintiff Luke Frazza demands judgment against defendant United States of America in the amount of Three Million Dollars ($3,000,000), plus the costs of this action.

WHEREFORE, plaintiff Mary Frazza demands judgment against the United States of America in the amount of One Million Dollars ($1,000,000).

        Respectfully submitted,

_____
Patrick A. Malone  (Bar #397142)
Ari S. Casper (Bar#471013)
STEIN, MITCHELL & MEZINES
1100 Connecticut Avenue, NW
Suite 1100
Washington, DC 20036
(202) 737-7777
Attorneys for Plaintiffs



**EXHIBIT A**

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 EXPIRES 5-31-05 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: General Services Administration Office of Regional Counsel Seventh and D Street, SW, Ste. 704B Washington, DC 20407 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) Luke Frazza and Mary Frazza 4327 Aston Street, Annandale VA 22003 Represented by Stein, Mitchell & Mezines 1100 Connecticut Ave., NW, Wash DC 20036 *See Attached* |
|---|---|

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH 7/10/1963 | 5. MARITAL STATUS Married | 6. DATE AND DAY OF ACCIDENT 1/23/2005 | 7. TIME (A.M. OR P.M) Approx. 9:00 a.m. |
|---|---|---|---|---|

8. Basis of Claim *(State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)*

See Attachment B

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT *(Number, street, city, State, and Zip Code)*

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. *(See instructions on reverse side)*

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT

Medical records will follow as soon as received.

**11. WITNESSES**

| NAME | ADDRESS *(Number, street, city, State, and Zip Code)* |
|---|---|
| Lawrence Jackson | Associated Press Washington, DC 202-776-9510 |

**12.** *(See instructions on reverse)* **AMOUNT OF CLAIM** *(in dollars)*

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL *(Failure to specify may cause forfeiture of your rights.)* |
|---|---|---|---|
| N/A | $2,500,000 | N/A | $2,500,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT *(See instructions on reverse side.)* *[signed]* | 13b. Phone number of signatory 703-641-9381 | 14. DATE OF CLAIM 5/20/2005 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 18 U.S.C.A. 287.) |
|---|---|

95-108
Previous editions not usable

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

**PRIVACY ACT NOTICE**

This Notice is provided in accordance with the Privacy Act, 5 U.S.C 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

**INSTRUCTIONS**

Complete all items – Insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A <u>SUM CERTAIN</u> FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT, THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN <u>TWO YEARS</u> AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim And may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or other aspect of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch  
Civil Division  
U.S. Department of Justice  
Washington, DC 20530

and to the  
Office of Management and Budget  
Paperwork Reduction Project (1105-0008)  
Washington, DC 20503

**INSURANCE COVERAGE**

In order that subrogation claims be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

| | |
|---|---|
| 15. Do you carry accident insurance? ☐ Yes, if yes give name and address of insurance company (*Number, street, city, State, and Zip Code*) and policy number. ☐ No | |

| | |
|---|---|
| 16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible? | 17. If deductible, state amount |

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (*It is necessary that you ascertain these facts*)

19. Do you carry public liability and property damage insurance? ☐ Yes, If yes, give name and address of insurance carrier (*Number, street, city, State, and Zip Code*) ☐ No

SF 95 (Rev. 7-85) BACK

＊ U.S. GOVERNMENT PRINTING OFFICE: 1989—241-175

## ATTACHMENT A

I hereby provide the law firm of Stein, Mitchell & Mezines L.L.P. the express authority to represent me and to act on my behalf in connection with the attached claim asserted under the Federal Tort Claims Act arising from the January 23, 2005 incident at the White House, 1600 Pennsylvania Avenue, NW, Washington, DC 20500.

_____
Luke Frazza

_____
Mary Frazza

## ATTACHMENT B

The claimants in this matter are Luke Frazza and his wife, Mary Frazza. On January 23, 2005, Mr. Frazza was working as a photographer for Agence France-Presse (AFP) International News Pictures and was assigned to cover the White House, 1600 Pennsylvania Avenue, Washington, D.C.

On that morning, Mr. Frazza was positioned at the North Portico driveway when he and other photographers were instructed by the on-duty White House Press Office staff member to hurry down the steps, through the Palm Room, to the South Lawn to photograph President Bush's departure by helicopter to Camp David.

After hurrying down the North Lawn stairs, and on the way to the Palm Room, Mr. Frazza opened the door to the stair landing at the back of the lunch room. After taking a step, his legs slipped out from under him because the tile floor was slippery and wet. Mr. Frazza fell to the ground.

Mr. Frazza suffered severe pain and injuries as a result of the fall, including, but not limited to, a herniated disk in his back. Mr. Frazza has undergone extensive medical treatment, including spinal surgery to remove fragments that were lodged against the nerve root coming from my L3-L4.

Mr. Frazza remains in severe pain as a result of the fall.



GSA National Capital Region

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

March 13, 2006

Ari S. Casper, Esquire
Stein, Mitchell & Mezines, LLP
1100 Connecticut Avenue NW
Washington, DC  20036

Re:   Administrative Tort Claim of Luke and Mary Frazza, WL-T05-24
       Date of Accident:  January 23, 2005

Dear Mr. Casper:

This responds to your claim in the amount of $2,500,000.00 for personal injury to your client, Luke Frazza. Mr. Frazza, a photographer for Agence France-Presse, alleges that on January 23, 2005, he was on the North Portico Driveway of the White House when instructed by a White House Press Officer to hurry through the Palm Room to photograph President Bush departing by helicopter from the South Lawn. Mr. Frazza asserts that he was on his way to the Palm Room when he opened the door to the stair landing at the back of the lunchroom, took a step, and fell because the tile floor was slippery and wet. For the reason discussed below, I am denying your claim.

You filed this claim under the Federal Tort Claims Act. The Federal Tort Claims Act, 28 U.S.C. § 2672, provides for the settlement of claims "caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." There is no evidence that any employee of the General Services Administration ("GSA") was negligent.

U.S. General Services Administration
301 7th Street, SW
Washington, DC  20407-0001
www.gsa.gov

If you disagree with this determination and wish to pursue the matter further, you must file suit in the appropriate United States District Court within six months of the date of this letter.

Sincerely,

Sharon A. Roach
Regional Counsel