UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LUKE FRAZZA and MARY FRAZZA, | ) )  ) |
| Plaintiffs, | ) ) |
| v. | ) )   Civil Action No: 06-1410 (CKK) |
| UNITED STATES OF AMERICA, | ) ) ) |
| Defendant. | ) ) |

## JOINT MEET AND CONFER STATEMENT

Pursuant to Local Civil Rule 16.3, the parties respectfully submit their Meet and Confer Statement, which is based on a telephonic meeting between their respective, undersigned counsel on October 23, 2006.

This case concerns injuries allegedly sustained by Plaintiff Luke Frazza in a slip-and-fall accident on the grounds of the White House in January, 2005.  Mr. Frazza, who is a photographer for a news organization, alleges that while he was hurrying to photograph the President's helicopter as it departed from the White House, he slipped on the floor located adjacent to the lunch room used by the press at that time.  Mr. Frazza claims to have suffered back injuries which ultimately required surgery.  Mr. Frazza's wife and co-plaintiff, Mary Frazza, brings a claim for the loss of consortium she suffered derivatively when her husband was allegedly injured.  Accordingly, this case arises under the Federal Tort Claims Act, §§ 1346(b)(1) and 2671-80 ("FTCA").  Plaintiffs seek $ 4 million in damages.

For its part, the United States denies any liability, and denies committing any wrongful act or omission, and denies proximately causing any and all of the damages alleged. In addition, defendant has raised defenses based on Mr. Frazza's own contributory negligence, the negligence of others, and/or assumption of the risk.

For the Court's convenience, the remainder of the discussion herein follows the numbering and topics of Local Rule 16.3(c).

1. The parties agree that it is unlikely that this case can be fully resolved on dispositive motions. However, at this early stage of the case, both parties wish to preserve their ability to file motions after the close of discovery, even if such motions would not be fully dispositive of the case.

2. Defendant is filing an amended answer on October 24, 2006. Otherwise, the parties do not currently anticipate amending the pleadings or joining any other parties. It is simply too early to determine if legal or factual issues can be agreed upon or narrowed, though the parties will work toward that end.

3. The parties do not consent to assignment to a magistrate judge for all purposes.

4. Although counsel have briefly discussed settlement generally, the parties have not engaged in any specific settlement discussions to date. Thus, at this time, the parties are unsure how likely it might be that settlement in this case is likely. Counsel for the parties agree that building approximately a month into the schedule at the end of the discovery period for settlement discussions with one of the Magistrate Judges might give the parties the best chance to resolve the case short of trial.

5. The parties believe that ADR, which they request take the form of settlement discussions with a Magistrate Judge, may be appropriate after they have had some time to conduct discovery and exchange expert reports.

6. The parties anticipate needing six months for discovery. If the parties complete discovery by the end of April, 2007, they would suggest that the Court schedule a status conference during late May, 2007 at which time the parties could indicate the status of any settlement discussions and whether they intend to file any motions. If the Court wishes to set a schedule at the outset, the parties would propose the following schedule for briefing any dispositive motions: motions to be filed by June 13, 2007; oppositions filed by July 9, 2007; and reply briefs filed by July 31, 2007.

7. The parties agree to make the initial disclosures required by Fed. R. Civ. P. 26(a)(1) by November 30, 2006.

8. Due to the complexity of the issues to be litigated, the parties believe that the schedule in this case should allow a discovery period of approximately six months ending on April 30, 2007. The parties agree that the presumptive limits on the numbers of depositions and interrogatories are likely to be sufficient for all of the fact and expert discovery they currently anticipate. Both Plaintiff and Defendant have already obtained experts who were provided access to the accident site at the White House on October 19-20, 2006. Defendant will likely need to obtain additional medical and other experts once more information about Mr. Frazza's alleged injuries is revealed. Although it has not posed a problem to date, Defendant may need to request a protective order in order to disclose certain sensitive information which plaintiff may request in discovery. In that event, the parties will endeavor to present a joint order to the Court.

9. The parties suggest that plaintiffs be required to provide any additional expert reports no later than January 9, 2007, and that defendant be given until March 2, 2007 to provide its expert reports to Plaintiffs. The parties further agree to cooperate with scheduling and taking expert depositions within the close of other discovery.

10. This case is not a class action, and, therefore, this paragraph of Local Rule 16.3 is not applicable.

11. The parties do not believe that the trial and/or discovery should be bifurcated or managed in phases.

12-13. The parties agree to recommend that the Court set a date for a status conference in late May, 2007, or as soon thereafter as the Court's schedule will allow, for such further proceedings, including the filing of any dispositive motions, as needed in this matter. At that status conference, the Court could schedule pre-trial and trial dates.

14. In the opinion of the parties, there are no other matters meriting the Court's attention at this time.

Dated: October 24, 2007.

Respectfully submitted,

| /s/ | |
|---|---|
| Patrick A. Malone, Esq. (D.C. Bar # 397142) | Jeffrey A. Taylor (D.C. Bar # 498610) |
| Ari S. Casper, Esq. (D.C. Bar # 471013) | United States Attorney |
| STEIN, MITCHELL, & MEZINES | |
| 1100 Connecticut Avenue, N.W. - Suite 1100 | |
| Washington, D.C. 20036 | |
| Tel. 202-737-7777 | |
| FAX 202-296-8312 | Rudolph Contreras (D.C. Bar # 434122) |
| | Assistant United States Attorney |
| Attorney for Plaintiffs | |

          /s/
_____
Jane M. Lyons (D.C. Bar # 451737)
Assistant United States Attorney
555 Fourth Street, N.W. - Room E4822
Washington, D.C. 20530
Tel.  202-514-7161
Fax  202-514-8780
Jane.Lyons@usdoj.gov

Attorneys for Defendant