IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LUKE FRAZZA ET AL., | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| v. | ) Case No. 06-1410 (CKK/JMF) |
| | ) Next Event: May 4, 2007 |
| UNITED STATES OF AMERICA | ) Status Conference |
| | ) |
| Defendant | ) |

## CONSENT MOTION TO MODIFY SCHEDULING ORDER

The parties respectfully move the Court to modify the scheduling order in this matter and, in support thereof, say as follows:

1. Plaintiff Luke Frazza alleges in his complaint that he slipped and fell on an icy tile floor at the White House on January 23, 2005. He further alleges that there were no mats to prevent the fall, or signs warning him that the floor was slippery. Mr. Frazza claims that he suffered serious and permanent injuries as a result of the fall for which he as had two major back surgeries, the last of which was in June 2006. Mary Frazza has filed a claim for loss of consortium.

2. Defendant United States is contesting both liability and damages.

3. Mr. and Mrs. Frazza exhausted their administrative remedies and filed this complaint on August 2006. A discovery plan was confirmed and discovery is ongoing. The current discovery period is set to expire on April 30, 2007. Under the current schedule, plaintiffs' expert reports were due on January 9, 2007; defendant's expert reports are due on March 2, 2007; and plaintiffs' rebuttal expert reports, if any, are

due on March 23, 2007. On January 8, 2007, plaintiffs identified five potential expert witnesses. One of plaintiffs' experts is for liability, four are for damages, and one of the five, plaintiffs' treating surgeon, is expected to provide testimony on both liability and damages. No reports were produced at that time. Plaintiffs did inform the defense that reports were forthcoming, but there were issues related to Mr. Frazza's condition that needed to be addressed.

4. By letter dated January 16, 2007, defense counsel objected to the absence of the information required by Fed. R. Civ. P. 26(a)(2). Since then, counsel for the parties have conferred multiple times in good faith to find a mutually-agreeable way to address the circumstances giving rise to the instant motion.

5. During those attempts, plaintiffs explained that Randy Atlas, plaintiffs' safety consultant, is a liability expert expected to testify regarding the alleged unsafe conditions at the White House. Plaintiffs were hoping to stay the entire matter for sixty days. Counsel for the government opposed this approach, but agreed to stay damages discovery. Thus, Mr. Atlas prepared his report, which was delivered to the government on January 26, 2007. Plaintiffs' position is that Dr. John Starr, the treating surgeon, who is both a liability and damages expert, has not produced a report for the reasons set forth below, *e.g.*, plaintiffs condition is not static. Plaintiffs did disclose on January 8, 2007, that Dr. Starr is expected to testify that Mr. Frazza's fall at the White House was the cause of his injuries. In any event, plaintiffs further contend that Dr. Starr is not required to produce a report (because he is a treating physician, not a true expert). Despite these positions, plaintiffs intend to produce a report of Dr. Starr within ten days. The remaining

2

experts are expected to testify about true damages issues— vocational rehabilitation, a life care plan, and the economic effects of Mr. Frazza's losses. In addition, the parties are working together to put a protective order in place to accommodate plaintiffs' request for surveillance tapes, information relating to United States Secret Service agents, and other sensitive information.

6. Counsel for the parties recognize that one of the controlling issues relating to damages is whether Mr. Frazza will be able to perform as a photographer at Agence France-Presse ("AFP"), his former position, or in some other job. Mr. Frazza's last surgery was performed in June, 2006. At that time, he had a complete reconstruction of L3-L4, whereby all bone and tissue were cleared out around the nerve and rebuilt. Recovery from such a procedure is unpredictable.

7. Mr. Frazza has been in rehabilitation for some time. Plaintiffs contend that there is no clear formula to determine if, or when, he would be able to return to work. As a result, plaintiffs worked with the government in the fall of 2006 to put a scheduling order in place and began proceeding with discovery. Circumstances involving Mr. Frazza's recovery have evolved since then that the parties believe should be addressed in the interests of avoiding a premature assessment of Mr. Frazza's damages which would have to be later re-examined and result in duplicating expenses.

8. Mr. Frazza just recently has been informed by his physician that he is able to go back to work with a lifting restriction. His employer, however, refused to let him do so. Based on conversations with his treating physician, Mr. Frazza will go back to work without a lifting restriction after being cleared next month to do so. These

decisions are appropriately made considering Mr. Frazza's best medical interests and are outside the control of counsel for the parties.

9. When the plaintiffs' counsel participated in putting together the schedule, they were under the impression it could be anywhere from six to eighteen months, or longer, before Mr. Frazza could go to back work, and plaintiffs did not want to ask this Court to simply stay discovery for that time period. Thus, the current order was put in place.

10. Now that Mr. Frazza is going to return to work, the parties agree that it makes sense to give that attempt sufficient time to happen so that the change in circumstances can be properly accounted for in this action. Plaintiffs' counsel has conferred with their experts, and those experts have stated that it is difficult, if not impossible, to prepare reports without the benefit of knowing whether Mr. Frazza can perform at his current job. Defense experts will face similar challenges. The parties, therefore, request that discovery relating to damages be stayed while they complete discovery on liability. Within 60-90 days from the filing of this motion, Mr. Frazza and his treating physician should know whether he is able to perform his work as a photographer at AFP. If not, Mr. Frazza may need to explore other possible employment. Obviously, the nature of the damages case depends largely on whether he can continue to work. Thus, the parties wish to know that information before conducting lengthy and expensive discovery relating to damages. This will include experts opining on current losses he has suffered, future ability to work, and his future medical needs. Without staying the damages discovery, the parties (and this Court) more than likely will have to

duplicate the work once it is determined whether he actually can perform at his job. Accurate assessment of these issues may also assist the parties with settlement in the event a finding of liability is made.

11. For all of these reasons, the parties have agreed that, with the Court's consent, the most efficient manner in which to proceed is as follows:

   a. Liability discovery will continue and be completed by April 30, 2007 subject to modifying the Scheduling Order to provide for extending the deadline for defense liability expert reports back from March 2 to March 23 (because the report of plaintiffs' safety expert was delayed by approximately this same amount of time). This will impact plaintiffs' deadline for rebuttal expert disclosures, and plaintiffs request until April 6, 2007 for that disclosure.

   b. In the meantime, discovery relating to damages will be held in abeyance. Mr. Frazza will return to work after a February 10 doctor's appointment, at which time he is expected to be cleared for work without lifting restrictions. Mr. Frazza and other witnesses relating to both liability and damages will be subject to deposition on more than one occasion under this plan.

   c. If Mr. Frazza and his physician determine that he is unable to perform his job at AFP, the parties promptly will so advise the Court. The parties will then confer and, if appropriate, undertake damages discovery and submit a proposed modified schedule governing the deadlines relating to damages discovery.

   d. Alternatively, if Mr. Frazza is able to perform his job at AFP, the parties will so advise the Court in a detailed report one week prior to the status conference on May 4 and submit a proposed modified schedule governing discovery relating to damages. This again will avoid duplicative work because Mr. Frazza will have been back at work for two months, and both parties (and this Court) will know whether he will, in fact, be able to perform the job on a sustained basis. This information is significant, and the parties' expert witnesses can than produce reports that accurately reflect Mr. Frazza's current and future health status.

WHEREFORE, the parties respectfully request an Order from this Court amending the scheduling order.

A proposed Order is attached hereto.

Respectfully submitted,

_____
Jane M. Lyons, D.C. Bar #451737
Assistant United States Attorney
555 4th Street, N.W., Room E4822
Washington, D.C. 20530
(202) 514-7161
Attorney for Defendant

_____
Patrick A. Malone, D.C. Bar #397142
Ari S. Casper, D.C. Bar #471013
Stein, Mitchell and Mezines
1100 Connecticut Avenue, NW
Washington, D.C. 20036
(202) 737-7777
Attorneys for Plaintiffs