UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| LUKE FRAZZA and MARY FRAZZA,  )<br>                                                                )<br>        Plaintiffs,                                   )<br>                                                                )<br>    v.                                                        )<br>                                                                )<br>UNITED STATES OF AMERICA,           )<br>                                                                )<br>        Defendant.                                  )<br>                                                                ) | Civil Action No: 06-1410 (CKK) |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE**

Pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rule 7(h), defendant United States of America, though undersigned counsel, submits this statement of material facts as to which it contends there is no genuine dispute:

**Background**

1. Plaintiff Luke Frazza is a photographer for a news media organization. In January, 2005, his responsibilities included obtaining images of the President of the United States and he had access to portions of the White House complex for that purpose. Complaint, ¶¶ 3, 5; Deposition of Luke Frazza ("Frazza Dep."), at 7-8 (attached as Exhibit 3).

2. On January 23, 2005, Mr. Frazza was carrying his usual complement of photographic and other equipment, which he estimates weighed approximately thirty-five pounds, when he slipped and fell as he entered a doorway leading from the outside into the press lunch area at the White House. See Complaint, ¶ 5; Exhibit 3 [Frazza Dep.] at 32.

3. Mr. Frazza believes that the tile surface of the floor where he slipped was wet at the time he slipped. See Exhibit 3 [Frazza Dep.] at 49, 52-53.

**Opinion of Plaintiff's Safety Expert**

4. Plaintiffs identified Randal Atlas, Ph.D., as a "safety and security consultant who is a certified professional with the American Society of Industrial Security" who would "testify as to the standard of care in building maintenance during inclement weather. . ." See Plaintiffs' Expert Witness Statement, ¶ 5 (attached as Exhibit 4). Dr. Atlas describes himself in his report as an expert on "human factors, ergonomics, and architectural safety issues." See Jan. 26, 2007 Expert Report from Dr. Randal Atlas ("Atlas Report") (attached as Exhibit 1).

5. In his January 26, 2007 opinion, Dr. Atlas stated that the applicable standard for evaluating the tile surface where Mr. Frazza allegedly fell is found in the American Society of Testing Materials Technical Publication No. 649 ("ASTM No. 649"). See Exhibit 1 [Atlas Report]. ASTM 649 utilizes a coefficient of friction of 0.5 as the benchmark: coefficients above 0.5 are considered acceptably safe and below 0.5 are not. Id.

6. On October 20, 2006, Dr. Atlas personally conducted standard tests for the coefficient of friction of the tile where Mr. Frazza fell at the White House. Deposition of Randal Atlas ("Atlas Dep.") at 24-27 (attached as Exhibit 2). In addition to testing the floor surface while dry, Dr. Atlas also tested it under wet conditions and icy conditions. See id.

7. Dr. Atlas determined that the floor tested with a coefficient of friction of 0.57 when dry, and in his professional opinion based on ASTM No. 649, the floor should be considered safe and within the standard of care when dry. See Exhibit 1 [Atlas Report] at 1-2; Exhibit 2 [Atlas Dep.] at 39, 50.

8. Although in his Report, Dr. Atlas indicated that he determined that the floor when wet had a coefficient of 0.32, which would fall below the standard for floor safety established by

ASTM No. 649, Dr. Atlas arrived at that result by taking an average of the data he obtained for wet and icy conditions. Exhibit 2 [Atlas Dep.] at 50-52. Dr. Atlas determined that the coefficient of the floor while wet was 0.87 which is well within the standard of care set by ASTM No. 649. See id.

9.  Mr. Frazza never indicated to Dr. Atlas that there was any ice on the floor at the White House where he fell. See Exhibit 2 [Atlas Dep.] at 55.

10. Ultimately, Dr. Atlas acknowledged: (a) that it was not his opinion that the tile floor on which Mr. Frazza allegedly slipped was unsafe; and (b) that the type of flooring was a "very commonly used material." See Exhibit 2 [Atlas Dep.] at 36-37. See Exhibit 2 [Atlas Dep.] at 54-55.

Dated: May 18, 2007.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s/
_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/
_____
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
555 4th Street, N.W. - Room E4822
Washington, D.C. 20530
(202) 514-7161
(202) 514-8780 (facsimile)