

ATLAS SAFETY & SECURITY DESIGN, INC.

January 26, 2007

Ari Casper
Stein, Mitchell & Mezines
1100 Connecticut Avenue. NW. Suite 1100
Washington DC 20036

RE: Frazza vs. United States

Dear Mr. Casper:

I was retained by your office on October 11, 2006 to review the file of Frazza v. United States, regarding a slip and fall accident that occurred on January 23, 2005 at the White House Press Corp building. I am a registered architect with my National Council Architectural Registration Board certification, and an expert in human factors, ergonomics and architectural safety issues. My CV and testifying experience are attached to this report as appendices. I am vice president of Atlas Safety & Security Design Inc., based in Miami, Florida.

I conducted a thorough investigation in this matter. I have met and spoken with Mr. Frazza. He informed me that on January 23, 2005 it was snowing and road and walking conditions were icy. My independent investigation confirms that Mr. Frazza's description of the conditions that day is accurate. Mr. Frazza informed me that he was wearing winter grade rubber soled shoes. He stated that January 23 was a snow emergency day in the Washington DC area. Mr. Frazza was carrying his normal compliment of heavy equipment. After going through the north portico of the Whitehouse, he walked down a flight of concrete stairs, through the driveway foyer and to the door going into the Press Corp work area. Mr. Frazza walked inside of the staff building's foyer. He slipped and fell on the wet and slippery vinyl tile flooring.

I also conducted a site inspection of the premises on October 20, 2006 and took measurements and pictures of the area. My findings are that the service driveway to the staff area is comprised of asphalt. As one enters the door threshold, the surface material is concrete approximately 18 inches in width. Upon entering the door threshold, the flooring is comprised of a vinyl tile system. The tiles are approximately one foot square. The foyer into the staff break area where Mr. Frazza fell is approximately 40 inches wide and six feet long. At or around the second tile in from the door threshold is where Mr. Frazza describes that he slipped and fell on the wet tile flooring.

Mr. Frazza stated that on the day of the accident, there were no protective mats, nor any cones warning of the wet surfaces. According to the ASTM (American

Society of Testing Materials) Technical Publication 649, titled "Walkway surfaces: Measurement of Slip resistance," A symposium by ASTM Subcommittee E-17.26 on measuring methods of pedestrian friction of Committee E-17 on Skid Resistance ( June 1977), they found that dry vinyl surfacing had a dry coefficient of friction (COF) of 0.57 and a wet COF of 0.32. Industry standards are that a COF below 0.49 is considered slippery and referenced as the standard of care in the Americans With Disabilities Act Accessibility Guidelines since 1990. It also is well known in the maintenance and flooring industry that vinyl tile can be slippery when wet, especially with snow or ice that can be carried in on peoples' shoes. My testing confirmed that the floor, in icy conditions, had a coefficient of friction of 0.34. This falls below the COF required by ASTM to maintain a non-slippery environment.

Based on my experience, I know that it is customary and standard practice to have mats and warning cones at entrances to buildings that experience winter conditions, especially in the Northeast United States and Washington, DC. In addition, on a rainy day, I observed no less than a dozen examples of office building entrances during my site visit that had warning cones and floor mats as people entered building lobby foyers.

It is my opinion, as an expert in slips, trips and fall accidents, that this accident was foreseeable and preventable. Had the White House maintenance staff placed mats at the foyer entrance, Mr. Frazza would not have slipped on the vinyl flooring. In addition, there should have been the typical cones warning individuals to watch where they are walking. Slippery surfaces proper notice should have been given with respect to the changing floor conditions, from asphalt to concrete (which are not slippery, even when wet), to vinyl tile which by normal design specifications becomes slippery when wet. The floors would have experienced being wet by melting snow or ice being blown or carried in on staff shoes. The floor mats and warning cones are common sights and customarily used in many locations in the DC area. These corrective and preventative measures are inexpensive, easy to use, and easy to remove when not needed. Had these measures been used, it is my opinion within a reasonable architectural probability that the accident would not have occurred.

I reserve the right to supplement my opinions after additional discovery is taken.

Respectfully yours,

Randall Atlas, Ph.D., AIA, CPP