# EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RECEIVED
DISTRICT COURT
T OF COLUMBIA
AUG -9 PM 4: 12
NANCY M.
MAYER-WHITTINGTON
CLERK

|  |  |  |
|---|---|---|
| LUKE FRAZZA | ) | |
| MARY FRAZZA | ) | |
| 9528 Stevebrook Road | ) | |
| Fairfax, VA 22032 | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Serve:   Honorable Alberto Gonzalez | ) | |
| Attorney General of the | | |
| United States of America | | |
| Department of Justice | | |
| Room B-103 | | |
| 950 Pennsylvania Avenue, N.W. | | |
| Washington, D.C. 20530 | | |
| | | |
| and | ) | |
| | ) | |
| Honorable Kenneth Wainstein | ) | |
| U.S. Attorney for District of Columbia | ) | |
| 555 4th Street, N.W., Room 5806A | ) | |
| Washington, D.C. 20530 | ) | |
| | ) | |
| **Defendant** | ) | |

CASE NUMBER  1:06CV01410

JUDGE: Colleen Kollar-Kotelly

DECK TYPE: Personal Injury/Malpractice

DATE STAMP: 08/██/2006

## COMPLAINT FOR DAMAGES

### (Negligence, Federal Tort Claims Act)

### Jurisdiction and Venue

1.     This action arises under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq.  This Court has jurisdiction of the claim against defendant United States of America under the provisions of 28 U.S.C. § 1346(b)(1).  Pursuant to 28 U.S.C. § 2675(a), plaintiffs filed a timely administrative claim with the appropriate federal agency on May 20, 2005. The administrative claim was denied on March 13, 2006. A copy of the administrative claim is attached hereto as Exhibit A.

2.     Venue is proper in this judicial district, where the acts and omissions giving rise to the claim occurred.

### Parties

3.     Plaintiffs Luke Frazza and Mary Frazza are residents of Fairfax, Virginia, and at all times relevant to this Complaint have been husband and wife. At the time of the incident, Luke Frazza was working as a photographer for Agence France-Presse ("AFP") and was assigned to cover the White House.

4.     Defendant United States of America, through the General Services Administration, coordinates and has responsibility for the maintenance of the White House.

## **Statement of Facts**

5.    On the morning of January 23, 2005, Mr. Frazza, exercising due care for his own safety, was carrying out his duties as a photographer for AFP at the White House.  There was a heavy snow storm that day. Mr. Frazza was positioned at the North Portico driveway when he was instructed by a White House Press Office staff member to travel to the South Lawn to photograph President George W. Bush's departure by helicopter to Camp David.  On the way, Mr. Frazza opened the door to the stair landing at the back of the lunch room to drop off some equipment. After taking a step, Mr. Frazza slipped on the wet and slippery tile floor.  Mr. Frazza sustained serious and permanent injuries to his back and spinal cord, including, but not limited to, herniating the L3-L4 disc in his spine, causing fragments of bone to become lodged against the nerve, causing constant pain and inhibiting him in every aspect of his life.

6.    As a direct and proximate result of Mr. Frazza's injuries, he has incurred and will incur medical and related expenses.  In addition, he has incurred a loss of earnings and an impairment of his earning capacity, he has been and will continue to be prevented from engaging in his normal activities, and he has been caused to undergo and will undergo significant physical and emotional pain and suffering.

## Allegations of Negligence

7.    Defendant was under a duty to exercise reasonable care to maintain the premises of the White House in a reasonably safe condition, including the areas in which White House staff were directing photographers such as Mr. Frazza to travel.

8.    Mr. Frazza's fall was the direct and proximate result of the negligence of the defendant which, acting through its employees, breached its duty to maintain the premises of the White House in a reasonably safe condition. Such negligence included, but was not limited to, the careless and improper maintenance of the wet and slippery floor; the failure to erect barricades or otherwise block photographers from dangerous areas; the failure to remedy the dangerous condition on the floor by drying the floor; the failure to place a non-skid surface on the floor; the failure to take precautions against the dangerous condition of the floor despite knowledge that it would be hazardous to photographers; and by directing photographers to travel through the White House to an unsafe and dangerous area. As a result of defendant's negligence, the area where Mr. Frazza fell was unreasonably dangerous.

9.    Mrs. Frazza makes a claim for the loss of consortium and services caused by the defendant's negligence and the consequential injuries to her husband, Mr. Frazza.

4

WHEREFORE, plaintiff Luke Frazza demands judgment against defendant United States of America in the amount of Three Million Dollars ($3,000,000), plus the costs of this action.

WHEREFORE, plaintiff Mary Frazza demands judgment against the United States of America in the amount of One Million Dollars ($1,000,000).

Respectfully submitted,

Patrick A. Malone  (Bar #397142)
Ari S. Casper (Bar#471013)
STEIN, MITCHELL & MEZINES
1100 Connecticut Avenue, NW
Suite 1100
Washington, DC 20036
(202) 737-7777
Attorneys for Plaintiffs

5