# EXHIBIT 8

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LUKE FRAZZA and MARY FRAZZA,   ) <br>   ) <br> **Plaintiffs,**   ) <br>   ) <br> **v.**   ) <br>   ) <br> **UNITED STATES OF AMERICA**   ) <br>   ) <br> **Defendant.**   ) <br>   ) | **Civil Action No: 06-1410 (CKK)** |

### DEFENDANT'S ANSWER

Defendant, the United States of America, by and through its undersigned counsel, hereby responds to Plaintiff's Complaint for Damages ("Complaint") as follows:

### FIRST DEFENSE

Plaintiff's claims and/or causes of action set forth in the Complaint are barred by the doctrines of contributory negligence and/or assumption of the risk because, among other things, Plaintiff Luke Frazza failed to exercise due care and any and all damages sustained were due to Plaintiff Luke Frazza's own fault, contributory negligence, and/or assumption of the risk.

### SECOND DEFENSE

To the extent that Plaintiff Luke Frazza may be found to have sustained any injuries or damages, those alleged injuries or damages were proximately cause by the intervening, joint, and/or superseding acts and/or omissions of persons or entities other than an employee or agency of the United States and

1

were not caused by any acts and/or omission of any employee or entity of the United States.

### THIRD DEFENSE

Plaintiffs' claim for damages is limited to the amount presented in the administrative complaint.  <u>See</u> 28 U.S.C. 2675(b).

### FOURTH DEFENSE

The Defendant United States herein incorporates by reference, as if fully stated, all of the defenses previously stated and answers the numbered paragraphs of the Plaintiff's complaint as follows:

1.    The two sentences of Paragraph 1 do not require a response because they set forth Plaintiffs' characterization and legal conclusions regarding jurisdiction, and not averments of fact.  To the extent that a response is deemed necessary, deny.  With respect to the remainder of Paragraph 1, defendant admits that plaintiffs filed an administrative claim with the U.S. General Services Administration ("GSA") on May 20, 2005, and that GSA denied the administrative claim on March 13, 2006, avers that the administrative claim is the best evidence of its contents, and otherwise denies.

2.    Paragraph 2 sets forth a conclusion of law to which no response is required.  To the extent Paragraph 2 contains allegations of fact, defendant admits that the White House is located in the District of Columbia, and otherwise denies.

<u>Parties</u>

3.    Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 3.  To the extent a response is deemed necessary, deny.

4.    Defendant admits that the U.S. General Services Administration is responsible for the maintenance of the press lunchroom at the White House, and denies that the U.S. General Services Administration is responsible for all areas in and around the White House.

5.    Defendant lacks sufficient information to admit or deny whether Mr. Frazza was carrying out his duties as a photographer for AFP at the White House on the morning of January 23, 2005, but avers that Mr. Frazza was at the White House on that date solely for a commercial purpose.  Defendant denies that Mr. Frazza was exercising due care.  Defendant denies as stated the allegation in Paragraph 5 that "[t]here was a heavy snow that day," and lacks sufficient information to admit or deny the remaining allegations of Paragraph 5, and so denies.

6.    Paragraph 6 presents conclusions of law to which no response is required.  To the extent that Paragraph 6 contains allegations of fact, defendant lacks sufficient knowledge and information to admit or deny, and so denies.

7.    Paragraph 7 presents conclusions of law to which no response is required.  To the extent that Paragraph 7 contains allegations of fact, defendant denies.

8.    Paragraph 8 presents conclusions of law to which no response is required. To the extent that Paragraph 8 contains allegations of fact, defendant denies.

9.    Paragraph 9 contains Plaintiff's characterization of her claims and legal conclusions to which no response is required. To the extent Paragraph 9 contains allegations of fact, defendant denies.

The remainder of Plaintiffs' complaint contains prayers for relief, to which no response is required. To the extent a response is required, Defendant denies any acts of negligence causing harm to Plaintiffs and further denies that Plaintiffs are entitled to the relief sought in this paragraph, the Complaint as a whole, or to any relief whatsoever.

Except to the extent expressly admitted or qualified above, Defendant denies each and every allegation in the Complaint.

Having fully answered, Defendant respectfully requests that the Court dismiss this case with prejudice, award Defendant its costs, and grant such other relief as this Court deems appropriate.

Dated: October 16, 2006.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

4

/s/_____
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
555 4th Street, N.W.- Room E4822
Washington, D.C.  20530
(202)-514-7161
Jane.Lyons@usdoj.gov

OF COUNSEL:
Paula J. DeMuth, Deputy Regional Counsel
General Services Administration, National Capital Region