UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LUKE FRAZZA and MARY FRAZZA, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) | Civil Action No: 06-1410 (CKK) |

**DEFENDANT'S UNOPPOSED MOTION FOR
INDEPENDENT MEDICAL EXAMINATIONS**

Pursuant to Federal Rule of Civil Procedure 35, Defendant respectfully requests that this Court Order Plaintiff Luke Frazza to undergo two medical examinations. Because Plaintiff has placed his physical condition at issue in this FTCA action, Plaintiff consents to this request. Plaintiff's IMEs will be conducted at a mutually-convenient time before October 31, 2007 by Dr. Ignacio Rodriguez at Neurology Associates, whose offices are located at 8757 Georgia Avenue, Suite 430, Silver Spring, MD 20910, and by Linda Kopishke, MSN, RN, CLCP at Mr. Frazza's home. A Memorandum of Points and Authorities and a proposed Order are attached hereto.

Dated: October 17, 2007

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

/s/
JANE M. LYONS, D.C. BAR # 451737
Assistant United States Attorney
555 4th Street, N.W. - Room E4822
Washington, D.C.  20530
(202) 514-7161
(202) 514-8780 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LUKE FRAZZA and MARY FRAZZA, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No: 06-1410 (CKK) |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) ) | |

DEFENDANT'S MEMORANDUM IN SUPPORT OF
UNOPPOSED MOTION FOR AN INDEPENDENT MEDICAL EXAMINATIONS

BACKGROUND

On January 23, 2005, Plaintiff Luke Frazza was allegedly carrying out his duties as a photographer for Agence France-Presse ("AFP") at the White House. Compl. ¶ 5. While at the White House, plaintiff allegedly slipped and fell on a tile floor. Id. In this action, plaintiff seeks to recover damages for injuries he sustained as a result of the fall, claiming that the Defendant, acting through its employees, breached its duty to maintain the premises of the White House in a reasonably safe condition. Compl. ¶ 8. Plaintiff alleges that Defendant's negligent acts included: (1) careless and improper maintenance of the wet and slippery floor; (2) failure to remedy the dangerous condition of the floor by drying the floor; (3) failure to place a non-skid surface on the floor; (4) failure to take precautions against the dangerous condition of the floor; and (5) directing photographers to travel through the White House to an unsafe and dangerous area. Compl. ¶ 8. Plaintiff alleges that Defendant's negligence caused the area where he fell to be unreasonably dangerous. Compl. ¶ 8.

Plaintiff claims to have sustained serious and permanent injuries to his back and spinal cord, including, but not limited to, herniating the L3-L4 disc in his spine, causing fragments of bone to become lodged against the nerve.  Compl. ¶ 5.  Plaintiff Luke Frazza seeks damages of $3 million, for one count of Negligence.  Compl., Prayer for Relief.  Plaintiff Mary Frazza, wife of Luke Frazza, seeks damages of $1 million under a claim of loss of consortium and services allegedly caused by Defendant's negligence.  Compl., Prayer for Relief.

Defendant requests an order under Rule 35 of the Federal Rules of Civil Procedure to allow two of its experts to examine and speak with Mr. Frazza about his injuries and current condition.  Plaintiff Luke Frazza has agreed to submit to independent medical examinations by Defendant's experts Dr. Ignacio Rodriguez, a neurologist, and Ms. Linda Kopishke, MSN, RN, a certified life-care planner.  The parties have agreed that the IMEs will take place separately and at a mutually-convenient times during October, 2007.  As of the filing of this motion, the dates are October 23 and 30, 2007.

## DISCUSSION

The parameters of discovery under the Federal Rules of Civil Procedure are expansive.  Rule 26(b)(1) provides that "[p]arties may obtain discovery of any matter not privileged, which is relevant to the claim or defense of any party."  Even information which is inadmissable at trial is discoverable as long as it "appears to be reasonably calculated to lead to the discovery of admissible evidence."

The discovery provisions of the Federal Rules of Civil Procedure are intended to allow litigants to fully develop and crystalize concise factual issues before trial.  Properly employed, they prevent prejudicial surprise and conserve limited judicial time and resources.  The Supreme

Court has admonished that the discovery rules should be broadly and liberally construed. Oppenheimer Fund. Inc. v. Sanders, 437 U.S. 340, 351 (1978); Hickman v. Taylor, 329 U.S. 495, 507 (1947).

Courts have traditionally recognized that, once a plaintiff has put his or her medical condition in issue, the plaintiff's complete medical history is relevant. See, e.g., Doe v. Eli Lilly & Co., 99 F.R.D. 126, 127 (D.D.C. 1983); Sklagen v. Greater Southeast Community Hosp., 625 F. Supp. 991, 992 (D.D.C. 1984); Brown v. Eli Lilly & Co., 131 F.R.D. 176, 178 (D. Neb. 1988). Dennie v. University of Pittsburgh Sch. of Medicine, 638 F. Supp. 1005, 1008 (W.D. Pa. 1986) ("once a plaintiff complains of physical injuries, the world of medical information as to those injuries is the defendant's oyster"). Although some documentary evidence of plaintiff's medical history is available, plaintiff has provided information about his medical history to his own expert witnesses which is not presently available to the defendant's experts because it was relayed orally and considered without being memorialized. For purposes of evaluating plaintiff's claims for injuries and ongoing care and future medical and other needs, defendant's experts require a complete medical history which is best and commonly taken through a personal interview.

Plaintiff clearly has placed his physical condition directly in controversy in this litigation. In his complaint, Plaintiff alleges that "[a]s a direct and proximate result of Mr. Frazza's injuries, he has incurred and will incur medical and related expenses." Compl. ¶ 6. In addition, plaintiff alleges that, "he has a loss of earnings and an impairment of his earning capacity, he has been and will continue to be prevented from engaging in his normal activities, and he has been caused to undergo and will undergo significant physical and emotional pain and suffering." Id. Plaintiff

- 3 -

recently produced multiple expert reports containing opinions about plaintiff's limited future ability to earn income and documenting losses of (present value) significantly over a million dollars.

> Federal Rule of Civil Procedure 35 provides in relevant part:
>
> When the mental or physical condition (including the blood group) of a party . . . is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner[1] . . . . The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties, and shall specify the time, place, manner, conditions, and scope of the examination and the person or person by whom it is to be made.

Fed. R. Civ. P. 35. The United States Supreme Court has addressed the Rule 35 requirements of "in controversy" and "good cause" in Schlagenhauf v. Holder, 379 U.S. 104 (1964), as follows:

> Of course, there are situation where the pleadings alone are sufficient to meet these requirements. A plaintiff in a negligence action who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury.

Id. at 119; see Benham v. Rice, 238 F.R.D. 15, 28 (D.D.C. 2006) (analyzing the requirements for granting a motion for an independent medical examination under Rule 35); Smith v. Koplan, 215 F.R.D. 11, 12-14 (D.D.C. 2003) (granting motion for independent psychological exam in Title VII case despite noting that even where the requirements of Rule 35 are satisfied, an exam can be denied if the same information can be obtained in a less intrusive manner); see also Thiessen v. General Elec. Capital Corp., 178 F.R.D. 568, 570 (D. Kan. 1998) (independent mental

---

[1] Rule 35 was revised in 1991 to make clear that persons suitably licensed or certified includes "certified or licensed professionals, such as dentists or occupational therapists, who are not physicians or clinical psychologists, but who may be well-qualified to give valuable testimony about the physical or mental condition that is the subject of the dispute." Advisory Comm. Note to Rule 35 (1991 Amendment).

examination held appropriate in employment discrimination case where plaintiff described "specific injuries" in his deposition beyond the garden variety emotional distress alleged in the complaint); Brandenberg v. El Al Israel Airlines, 79 F.R.D. 543, 544, 546 (S.D.N.Y. 1978) (in light of plaintiff's allegation that she suffered "physical, emotional, mental stress, and mental and psychiatric injuries," an independent psychiatric evaluation was "clearly appropriate"). Because this is an action under the FTCA alleging personal injury and plaintiff's physical condition is in controversy, defendant has good cause for a Rule 35 examination. See Schlangenhauf, supra, Sloane v. Thompson, 128 F.R.D. 13, 15 (D. Mass. 1989).

In addition, the information sought by Defendant is relevant and is not otherwise available. The courts have concluded that "only if no additional relevant information could be gained by an examination of [plaintiff] should the motion for a psychiatric examination be denied." See Ragge v. MCA/Universal Studios, 165 F.R.D. 605, 608 (C.D. Calif. 1995); Duncan v. Upjohn Co., 155 F.R.D. 23, 25 (D. Conn.1994). The IMEs requested will allow Defendant to verify and establish what Plaintiff's current injuries are and how Plaintiff's alleged injuries are related – if at all – to the slip and fall incident alleged in this action, and to evaluate the existence and extent of plaintiff's alleged injuries to his back and their impact on his ability to work. There is no other way to independently verify and procure this information other than by independent medical examinations. In short, independent, routine, complete, physical and mental examinations of Plaintiff are warranted.

The examinations proposed by Defendant would be conducted by Dr. Rodriguez, a neurologist. Defendant has designated Dr. Rodriguez as an expert witness and a copy of his curriculum vitae is attached. Dr. Rodriguez has been practicing medicine for over thirty years.

He is Board Certified in neurology and is licensed in several states, including the District of Columbia and Maryland. As further set forth in his curriculum vitae, Dr. Rodriguez has extensive hospital staff affiliations, teaching and professional appointments, and has authored numerous scientific presentations. As such, Dr. Rodriguez is a suitably licensed and certified examiner as contemplated by Rule 35.

Ms. Kopishke is a life care planner who also holds a Master's Degree in nursing. She has over thirty years of experience in various medical, faculty and other settings where she has reviewed and analyzed medical records to provide assessment and care recommendations, as well as direct patient care. As demonstrated in her attached *curriculum vitae*, Ms. Kopishke also has extensive training and experience in life care planning. In order to respond meaningfully to plaintiff's expert on a life care plan for Mr. Frazza, Ms. Kopishke should have reasonable access to the information bearing on those issues, including an opportunity to gather information directly from Mr. Frazza in a similar manner to plaintiff's expert life care planner.

These independent examinations will assist the Court in determining, among other things, which – if any – of Plaintiff's alleged condition(s) were caused by Defendant, the current state of Plaintiff's alleged condition(s), whether the alleged condition(s) has improved or deteriorated since the incident on January 23, 2005, whether Plaintiff's alleged injuries are permanent, and existence and extent of plaintiff's alleged injuries to his back and their impact on his ability to work. Defendant requests that the Court Order provide that Plaintiff Luke Frazza submit to a complete physical and x-rays (if requested by Dr. Rodriguez or Ms. Kopishke) for the injuries which Plaintiff alleges that Defendant caused, as deemed appropriate by Defendant's designated

experts.  Defendant further requests that the Court Order provide that no counsel shall be present at the examinations, which shall not exceed five hours in total.

Although counsel for the parties have already set the wheels in motion for scheduling these exams, defendant also requests out of an abundance of caution that the Court Order provide that Plaintiff expeditiously contact the offices of the above listed experts, and arrange an examination to be conducted at the first available mutually convenient date and time for the IMEs not later than October 31, 2007.  This time frame is requested in light of the discovery cutoff deadline, and the joint motion to extend that deadline which is being filed simultaneously herewith.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests a Court Order directing Plaintiff Luke Frazza to submit to physical examinations by Defendant's experts Dr. Ignacio Rodriguez and Ms. Linda Kopishke.  A proposed order is attached.

Dated: October 17, 2007.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


/s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

/s/_____
JANE M. LYONS, D.C. BAR # 451737
Assistant United States Attorney
555 4th Street, N.W. - Room E4822
Washington, D.C.  20530
(202) 514-7161
(202) 514-8780 (facsimile)

- 8 -